1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

| | |
|---|---|
| DAVON ELIMU MCCOY,<br><br>     Plaintiff,<br><br>  v.<br><br>DR. H. TATE, et al.,<br><br>     Defendants. | CASE NO. 1:15-cv-01428-MJS (PC)<br><br>**ORDER**<br><br>**(1) CONVERTING FINDINGS AND RECOMMENDATIONS TO ORDER;**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br><br>**(3) GRANTING DEFENDANTS' MOTION FOR EVIDENTIARY HEARING; AND**<br><br>**(4) SETTING EVIDENTIARY HEARING**<br><br>  Date: July 7, 2017<br>  Time: 10:00 a.m., Courtroom 6 (MJS)<br><br>**(ECF Nos. 20, 27, 32, 33)** |

25

26

27

28

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On February 28, 2017, the undersigned issued findings and recommendations to grant in part Defendants' motion

for summary judgment for Plaintiff's failure to exhaust his administrative remedies. (ECF Nos. 20, 27.) This action has since been reassigned to the undersigned pursuant to the consent of the parties. (ECF No. 31.) Accordingly, the findings and recommendations will be converted to an order.

In separate filings, the parties objected to the findings and recommendations. (ECF Nos 32, 33.) The undersigned construes these objections as motions for reconsideration.

## I.    Procedural Background and Undisputed Facts

The procedural background and undisputed facts set forth in the February 28, 2017, findings and recommendations, herein converted to an order, are incorporated by reference. (ECF No. 27.)

## II.    Legal Standards

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation ...' " of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion...."

**III.    Discussion**

**A.    Plaintiff's Motion for Reconsideration**

Plaintiff's motion seeks reconsideration of that portion of the February 28, 2017, Order finding that Plaintiff did not exhaust his administrative remedies as to his claim against Dr. Tate, a complaint premised on this Defendant's July 2012 discontinuation of Plaintiff's seizure and pain medication and withdrawal of a walking cane chrono. The Court held that Plaintiff failed to properly exhaust a July 2012 appeal addressing Dr. Tate's conduct, and Plaintiff's later attempt to reassert his claim against Dr. Tate in October 2012 was properly dismissed as untimely.

Plaintiff now repeats the arguments he made in his opposition to Defendants' motion, namely, that he did not exhaust his administrative remedies as to the July 2012 appeal because Dr. Tate improperly canceled it beyond his authority and because the cancelation was based on the false assertion that Plaintiff refused to be interviewed. These arguments were previously found unpersuasive, and the Court sees no reason to revisit them.

Plaintiff also makes a related argument that he was prevented from resubmitting his appeal for further review in light of the cancelation. In support, Plaintiff cites to 15 CCR § 3084.6(e), but that section states only that "Once cancelled, an appeal shall not be accepted *except pursuant to subsection 3084.6(a)(3) ....*" (Emphasis added.) Subsection 3084.6(a)(3) then provides that "At the discretion of the appeals coordinator or third level Appeals Chief, a cancelled appeal may later be accepted if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review." Indeed, the letter accompanying the canceled appeal at issue in this case stated: "If you wish to appeal this action you may do so by submitting a separate appeal, attaching these documents, and citing the reasons you believe the appeal should not be canceled. You must adhere to the 14-calendar day

limitation per CCR, Title 15, Section 3084.6(b)(3) when resubmitting." Decl. of J. Long in Supp. Defs.' Mot. Summ. J. Ex. B (ECF No. 20-3 at 15).

Since Plaintiff did not resubmit his appeal within the 14-day period raising any of the issues he raises here concerning the propriety of the cancelation, the Court again finds that he failed to exhaust his administrative remedies as to Dr. Tate.

Accordingly, Plaintiff's motion for reconsideration will be denied.

**B.      Defendants' Motion for Reconsideration**

Defendants seek reconsideration of that portion of the February 28, 2017, Order finding that there is a dispute of material fact preventing the entry of summary judgment on Defendants' claim that Plaintiff failed to exhaust his administrative remedies related to the October 16, 2012 conduct of Defendants Lenker, Twitty, Holland, and Lundy ("the Correctional Officer Defendants").

In the October 2012 appeal, Plaintiff raised claims concerning the conduct of the Correctional Officer Defendants. Since this appeal has an institutional receipt date of July 18, 2013, the question before the Court was whether Plaintiff submitted a timely appeal on October 30, 2012, and California Correctional Institution ("CCI") staff simply failed to respond to it, or whether—as Defendants claimed—Plaintiff falsified the date on the appeal before submitting it for the first time in July 2013.

In finding the existence of a genuine dispute of material fact, the undersigned relied on two CDCR 22 forms (titled "Inmate/Parolee Request for Interview, Item or Service") that Plaintiff claims he submitted in January 27, 2013, and June 30, 2013. Both forms questioned why CCI staff was not responding to the October 2012 appeal, and each included a signature of CCI staff members who purportedly received the forms on the dates that Plaintiff submitted them. These forms were found sufficient to preclude summary judgment because they appeared to show that Plaintiff's attempt to exhaust his administrative remedies was thwarted by non-responsive CCI staff.

Defendants now move for reconsideration of the authenticity of the CDCR 22 forms, arguing that the forms unequivocally demonstrate that the dates and CCI staff signatures are falsified. In support, Defendants point out that the forms provide two methods of delivery to CCI staff: "SENT THROUGH MAIL" and "DELIVERED TO STAFF." See Long Decl. in Supp. Defs.' Mot. Summ. J. Ex. A (ECF No. 20-3 at 10-11). In the event an inmate chooses to send the form through the mail, the form specifically provides ** **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED** **. See id. (emphasis in original). If the form is delivered to a staff member, then the receiving staff member is to print his or her name, date and sign it, and give the inmate the Goldenrod copy of the form. See id.

Of the two CDCR 22 forms at issue here, Plaintiff wrote on the first form that he mailed it on "1/27/13" to "The Appeal Coordinator." See Pl.'s Opp'n to Defs.' Mot. Summ. J. Ex. H (ECF No. 24 at 153). Plaintiff wrote on the second form that he mailed it on "6/30/13" to "Inmate Appeals Office." See id. (ECF No. 24 at 154). Curiously, each of the forms includes a CCI staff member's name in the "RECEIVED BY" section and is dated the same day that Plaintiff mailed them: the January 27, 2013, form is signed on that date by an "M. Olson," and the June 30, 2013, form, which is not signed, notes that it was received by a "Francisco" on that date. In addition, the January 27, 2013, form indicates that it was forwarded to another staff member, but fails to identify this person in the section headed "IF FORWARDED – TO WHOM."

In their motion, Defendants highlight that the mailed forms reflect receipt by CCI staff even after the forms explicitly state that receipts will not be provided to mailed requests. They also highlight that the signatures are dated the same day that Plaintiff mailed the forms, suggesting an improbable one-day processing time for outgoing *and* incoming mail. Defendants also focus on the July 18, 2013, institutional receipt date on each of the forms, asserting that there is no evidence that Plaintiff submitted the forms on an earlier date. And lastly, they contend that even if the Court concludes that the

forms are not fabricated, Plaintiff has not explained why he waited three months before submitting his first CDCR 22 form and then another five months before submitting the second CDCR 22 form, all while actively submitting inmate appeals concerning other issues during the same time period. In the event the undersigned finds that a dispute of material fact remains, Defendants request an evidentiary hearing.

In his opposition to Defendants' motion for summary judgment, Plaintiff argued only that all of his documentary evidence is authentic, Pl.'s Decl. ¶ 5 (ECF No. 24 at 23), and that he was diligent in pursuing his October 2012 appeal, as evidenced by the CDCR 22 forms, but was ultimately unable to exhaust due to CCI staff's non-responsiveness. Plaintiff has not addressed the discrepancies in the CDCR 22 forms identified by the Defendants, which was first highlighted in their Rely brief and now presented in their pending motion for reconsideration. An evidentiary hearing will therefore be held for the purpose of hearing testimony from Plaintiff and receiving any additional evidence on the question of the authenticity of these forms.

## IV.    Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall convert the February 28, 2017, findings and recommendations (ECF No. 27) to an Order;

2. Plaintiff's motion for reconsideration (ECF No. 33) is DENIED;

3. The Court reserves ruling on Defendants' motion for reconsideration (ECF No. 32) pending an evidentiary hearing to decide the disputed issues of fact relating to the exhaustion of Plaintiff's claims against the Correctional Officer Defendants. These Defendants need not file a responsive pleading or motion until after the Court rules on their motion for reconsideration;

4. An evidentiary hearing will be held on July 7, 2017, at 10:00 a.m., in Courtroom 6, Seventh Floor of the United States District Court in Fresno, California. The hearing will commence and be completed that day, and will be limited to the issue of

whether Plaintiff is excused from the Prison Litigation Reform Act's exhaustion requirement because administrative remedies were "effectively unavailable."

More specifically, the parties should be prepared to present evidence as to the following:

- Whether and when Plaintiff submitted the CDCR 22 forms;
- Whether and when CCI staff Members "M. Olson" and "Francisco" received the CDCR 22 forms;
- Whether Plaintiff timely submitted the October 30, 2012, appeal;
- Whether prison officials failed to respond to or otherwise process Plaintiff's CDCR 22 forms; and
- Whether prison officials failed to respond to or otherwise process Plaintiff's October 2012 appeal. May 5, 2014 appeal.

In preparation for the hearing, it is HEREBY ORDERED that, no later than June 7, 2017, the parties shall confer regarding the witnesses to be called and evidence to be presented at the hearing. No later than June 16, 2017, defense counsel shall file a statement setting forth the witnesses to be called and documents to be presented at the hearing. Defense counsel shall also provide a courtesy physical _and_ electronic copy of all exhibits to be used at the hearing to Judge Seng's chambers no later than June 16, 2017. Electronic copies can be mailed to mjsorders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated:   __March 29, 2017__                    /s/ _Michael J. Seng_
                                                     UNITED STATES MAGISTRATE JUDGE